UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-299-RJC

| | |
|---|---|
| MICHAEL A. GADDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ROBERT A. SPRAGUE, Police Officer; ) | |
| ZACHARY M. RIGGAN, Police Officer; ) | |
| T.E. GROSSE, II, Police Officer, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se motions for reconsideration and modification, (Doc. No. 21), for appointment of counsel, (Doc. No. 22), and to amend or correct his complaint. (Doc. No. 27).

On May 16, 2013, Plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983 in an effort to challenge his ongoing prosecution by the Mecklenburg County District Attorney. Plaintiff argued that Defendants Sprague and Riggan, whom he identified as officers with the Charlotte-Mecklenburg Police Department (CMPD), conducted a warrantless search of his hotel room and apparently discovered illegal drugs. According to the website of the Administrative Office of the Courts, Plaintiff was charged with multiple crimes which included felony trafficking in heroin, felony possession of a controlled substance, maintaining a dwelling house in connection with the possession and/or sale of controlled substances, and misdemeanor possession of drug paraphernalia. See (3:13-cv-299, Doc. No. 7: Order at 1 n.2).

After conducting an initial review pursuant to 28 U.S.C. § 1915A(a), this Court found that Plaintiff had failed to state a claim upon which relief could be granted because he was

1

challenging the legality of his pending criminal charges. See id. § 1915(A)(b)(1). The Court therefore found that abstention was appropriate and the § 1983 complaint was dismissed without prejudice on June 19, 2013, and Judgment was entered that same day. See (Id., Doc. No. 7: Order at 4 n.4 (citing Younger v. Harris, 401 U.S. 37 (1971)). Plaintiff did not appeal from this Order and Judgment.

Instead, on February 18, 2014, Plaintiff filed a motion pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure and urged this Court to reconsider its order of dismissal because "the State pending charges were resolved, but not in my favor, the issues that was raised in State court of a constitutional rights violation are still an issue, and I have documented evidence that was withheld at the hearing to suppress evidence in State court." (Id., Doc. No. 21 at 1). According to the website of the North Carolina Department of Public Safety, Plaintiff was convicted in Mecklenburg County just 7-days after this Court dismissed his § 1983 complaint. The convictions were for one count of trafficking a Schedule I controlled substance; one count of possession with intent to sell a Schedule I controlled substance; one count of maintaining a dwelling house in connection with the possession or sale of a controlled substance; and one count of possession of drug paraphernalia. Plaintiff was sentenced to a term of 7-years' imprisonment. A review of the North Carolina Court of Appeals Electronic Case Filing Site shows that Plaintiff appealed and that appeal appears to be pending as of September 11, 2014. See State v. Gaddy, No. P13-715 (N.C. Ct. App. 2013).

Based on the foregoing, the Court finds that Plaintiff's motion for reconsideration should be denied. As the Supreme Court has made clear, a § 1983 action is an improper method of challenging the legality of a conviction. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("[T]he hoary principle that civil tort actions are not appropriate vehicles for challenging the

validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement."). Plaintiff, here, seeks monetary damages and to challenge the validity of his criminal judgments. Accordingly, Plaintiff's motion for reconsideration will be denied as he is barred from pursuing such relief while his criminal judgment is yet firmly in place.

For the same reasons, the Court will deny Plaintiff's "Motion to Amend/Correct" as he is seeking to add additional officers as defendants and continues to challenge the validity of the search which led to the discovery of controlled substances and ultimately his convictions. A motion to amend a complaint is governed by Rule 15 of the Federal Rules of Civil Procedure and leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "The law is well settled that leave to amend a pleading should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation and citation omitted) (emphasis in original). In the present case the Court finds that leave to amend should be denied because the proposed amendment is futile for the reasons stated herein.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motion for reconsideration and modification is **DENIED**. (Doc. No. 21).
2. Plaintiff's motion for appointment of counsel is **DENIED**. (Doc. No. 22).
3. Plaintiff's motion to amend/or correct his complaint is **DENIED**. (Doc. No. 27).

**IT IS SO ORDERED**.

Signed: September 11, 2014

Robert J. Conrad, Jr.
United States District Judge